## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **KEVIN HOUSE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 15-cv-0088-MJR** |
| | ) | |
| **DEBORAH ISAACS, DR. LARSON,** | ) | |
| **WEXFORD MEDICAL CO.,** | ) | |
| **SALVADOR GODINEZ, and** | ) | |
| **TORRY WOJATOWICZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Kevin House brings this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act of 1990 ("ADA")[1], 42 U.S.C. § 12101 *et seq.* based on events that occurred while he was incarcerated at Big Muddy Correctional Center ("Big Muddy"). (Doc. 1). Plaintiff, who is confined to a wheelchair, asserts that Defendants violated his rights under the Eighth Amendment. Plaintiff seeks monetary damages from Defendants.

### Merits Review Under 28 U.S.C. § 1915A

Plaintiff filed this action on June 3, 2014 in the Central District of Illinois. On January 28, 2015, the case was transferred from the Central District of Illinois to this Court pursuant to 28 U.S.C. § 1404(a). (Doc. 10). At the time Plaintiff filed the complaint, he was an inmate at Big Muddy, but the record indicates that he has since been released. (*See* Doc. 8). The Complaint comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A.

---

[1] Although Plaintiff cites the ADA as a basis for this action, he does not assert any claims under the ADA, and from the Court's review of the Complaint (Doc. 1), it does not appear that Plaintiff is entitled to relief under the ADA. Plaintiff has not alleged that Defendants denied him access to any program or service. *See Wagoner v. Lemmon*, No. 13-3839, 2015 WL 449967, at *5-6 (7th Cir. Feb. 4, 2015).

Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims.  28 U.S.C. § 1915A(a).  The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011); *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, district courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After reviewing the allegations in the complaint under this standard, the Court finds that the complaint survives threshold review.

## The Complaint

Plaintiff asserts that he is disabled and his "primary means of mobility is via wheelchair." (Doc. 1, p. 2).  In the weeks leading up to September 18, 2013, he began to notice that his wheelchair needed repairs. *Id*. at 3.  Specifically, the foot rest support pedals were not operating properly and one of the wheels was malfunctioning.  On September 18, 2013, Plaintiff

spoke with Defendant Wojatowicz and informed her that his wheelchair was in need of repairs. *Id*. Wojatowicz oversees the upkeep of medical equipment at Big Muddy. *Id*. at 2. Defendant Wojatowicz responded, "It ain't my problem if you want the wheelchair fixed and your foot rest adjusted – put in a sick-call slip to see Dr. Larson." *Id*. Plaintiff attempted to explain that he believed the wheelchair needed immediate attention and that he was concerned that he might suffer some injury if the wheelchair was not repaired. *Id*. To which Defendant Wojatowicz replied, "Look, I ain't got time for this sh_t, I'm going on my smoke break." *Id*.

The next day, Plaintiff was told to turn over his wheelchair to Defendant Wojatowicz. While waiting to do so, Plaintiff alleges that he overheard Defendant Wojatowicz tell a co-worker in the health care unit that she was not going to submit Plaintiff's wheelchair for repairs and that she had helped to fabricate a disciplinary report against Plaintiff. *Id*.

Two days later, on September 21, 2013, Plaintiff received a loaner wheelchair approved by Defendant Wojatowicz, but it exhibited similar problems to his original wheelchair, which was now undergoing repairs. *Id*. at 4. On "several occasions," Plaintiff's feet slipped off the foot-rests, but he was able to recover control of the wheelchair without injury. *Id*. However, on October 3, 2013, Plaintiff was on his way to the chow hall when "the Plaintiff somehow completely lost his balance as well as control of the wheelchair" and he fell out of the chair onto the pavement below. *Id*. at 4-5. Plaintiff was taken to the infirmary and treated for a week for a number of ailments, including hip, neck, and back injuries. *Id*. at 5. He continues to suffer pain and muscle spasms periodically. *Id*. In February 2014, he received two weeks of therapy to address ongoing back problems.[2] *Id*.

---

[2] Although Plaintiff mentions that he complained about the lack of follow-up medical treatment, it appears that he eventually received the treatment he was seeking. Plaintiff has not asserted a denial or delay in medical treatment.

After receiving the loaner wheelchair, but prior to his accident, Plaintiff filed grievances and written requests to Dr. Larson, a medical doctor on staff at Big Muddy, complaining about the state of his wheelchair. *Id*. Plaintiff maintains that his complaints were ignored. [3] *Id*. Although Plaintiff states in the Complaint that he is still at risk of being injured by the malfunctioning wheelchairs, he has since been released from Big Muddy. In his prayer for relief, Plaintiff seeks monetary damages. *Id*. at 8.

## Discussion

Accepting Plaintiff's allegations as true, as the Court must do at this preliminary stage, the Court finds that the complaint sets forth an actionable claim of deliberate indifference under the Eighth Amendment.

**Count 1:       Defendants were deliberately indifferent to Plaintiff's health and safety, in violation of the Eighth Amendment, when they failed to provide him with a properly working wheelchair.**

To plead an Eighth Amendment claim, an inmate must allege that the defendants were deliberately indifferent to a condition that posed a substantial risk of serious harm to the inmate. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). This is a two-part test: 1) an inmate must point to a condition that presented an objectively, sufficiently serious risk of harm and 2) allege that the defendants were deliberately indifferent to the risk posed by the condition. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014). Deliberate indifference

> means that the official knew that the inmate faced a substantial risk of serious harm, and yet disregarded that risk by failing to take reasonable measures to address it. As such, it is not enough for the inmate to show that the official acted negligently or that he or she should have known about the risk. Instead, the inmate must show that the official received information from which the inference could

---

[3] The Complaint also states that Plaintiff complained to the prison's health care administrator, Defendant Deborah Isaacs, but that his complaints "fell upon deaf ears" because he never received any response from her. (Doc. 1, p. 5). It is unclear when exactly Plaintiff notified Defendant Isaacs about the problems with his wheelchair. At this point, the Court will assume she was informed prior to Plaintiff's accident.

be drawn that a substantial risk existed, and that the official actually drew the inference.

*Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (internal citations omitted).

Whether the condition of Plaintiff's wheelchair posed an objectively serious risk of harm to Plaintiff is a factual question that cannot (and need not) be determined at the threshold stage. Plaintiff has alleged that the wheelchair was unsafe and he suffered an injury as a result of it. That is enough at this juncture to suggest that the risk posed by the wheelchair was "sufficiently serious." In addition, Plaintiff alleges that he had informed Defendants Wojatowicz, Larson, and Isaacs about the unsafe condition of his wheelchair, but none of these defendants addressed the problem. These allegations are sufficient to state an Eighth Amendment claim against Defendants Wojatowicz, Larson, and Isaacs at this time.

Plaintiff, however, has failed to state an Eighth Amendment claim against Defendants Godinez (director of the Illinois Department of Corrections) or Wexford Medical Company (the state contracted provider of medical services to Illinois inmates). Plaintiff named Godinez and Wexford as Defendants in their official capacities only. Official capacity claims, however, are limited in this context to requests for injunctive relief. *See Brown v. Budz*, 398 F.3d 904, 917-18 (7th Cir. 2005) (noting that the Eleventh Amendment bars official capacity claims for monetary damages). In his request for relief, Plaintiff does not specifically seek injunctive relief. In addition, Plaintiff has since been released from the custody of the Illinois Department of Corrections. Therefore, since injunctive relief on this claim is moot, Plaintiff may not proceed on this claim against any of the Defendants in their official capacities.

As an aside, it appears that Plaintiff would have been no better off had he asserted claims against Godinez and Wexford in their individual capacities. A defendant must be "'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*,

5

266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).  Plaintiff has not alleged that either Defendant Godinez or Wexford is "personally responsible for the deprivation of a constitutional right," *id.*, and a Defendant cannot be liable merely because he supervised a person who caused a constitutional violation.  The doctrine of *respondeat superior* does not apply to actions filed under 42 U.S.C. § 1983.  *See, e.g., Kinslow v. Pullara*, 538 F.3d 687, 692 (7th Cir. 2008).

In summary, Plaintiff may proceed on his Eighth Amendment claim against Defendants Wojatowicz, Larson, and Isaacs, in their individual capacities only.  Defendants Godinez and Wexford will be dismissed without prejudice.

## Pending Motions

Plaintiff has filed a motion for recruitment of counsel (Doc. 3), which shall be referred to a United States Magistrate Judge for a decision.

## Disposition

**IT IS HEREBY ORDERED** that Plaintiff's Eighth Amendment claim for damages on **COUNT 1** shall proceed, but only against Defendants **WOJATOWICZ, LARSON,** and **ISAACS**, in their individual capacities. Defendants **GODINEZ** and **WEXFORD MEDICAL COMPANY** are **DISMISSED** without prejudice from this action.

The Clerk of Court shall prepare for Defendants **WOJATOWICZ, LARSON,** and **ISAACS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the

6

Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.   Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion for recruitment of counsel (Doc. 3).  Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment

of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: March 2, 2015**

s/ MICHAEL J. REAGAN
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**