IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

KEVIN HOUSE,                              )
                                          )
              Plaintiff,                  )
                                          )
vs.                                       )      Case No.   15-cv-88-SCW
                                          )
DEBORAH ISAACS and TORRY                  )
WOJATOWICZ,                               )
                                          )
              Defendants.                 )

## MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court is Defendants joint oral motion to dismiss Plaintiff's claims for failure to prosecute.  Defendants seek to dismiss Plaintiff's case with prejudice because Plaintiff has failed to participate in the case by failing to respond to the motion for summary judgment and by failing to appear at the hearing held on December 16, 2015.  Based on the following, the Court **GRANTS** Defendants' motion to dismiss for want of prosecution and **DISMISSES** Plaintiff's case **with prejudice**.

**Federal Rule of Civil Procedure 41(b)** provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  In dismissing a case for lack of prosecution, the Seventh Circuit has indicated that a district court commits legal error "when it dismisses a suit 'immediately after the first problem, without exploring other options or saying why they would not be fruitful.'" *Sroga v. Huberman*, **722 F.3d 980, 982 (7th Cir. 2013) (quoting** *Johnson v. Chi. Bd. of Educ.*, **718 F.3d 731, 732-33 (7th Cir. 2013)).**  The Seventh Circuit has suggested that in addition to a warning to the plaintiff, the court must consider essential factors such as "the frequency and egregiousness of the plaintiff's failure to

comply with other deadlines, the effect of the delay on the court's calendar, and the prejudice resulting to the defendants." *Id.* **(citing** *Kruger v. Apfel,* **214 F.3d 784, 786-87 (7th Cir. 2000)).**

Here, the Court finds that Plaintiff has failed to prosecute his case. Plaintiff was released from prison prior to his case being transferred to this district. He filed a notice of his release and updated address on September 12, 2014 (Doc. 8). The case was then transferred to this Court from the Central District of Illinois on January 28, 2015 (Doc. 10). The Court then received a consent to proceed before the Magistrate Judge from Plaintiff on March 30, 2015 (Doc. 19). That is the last filing the Court received from Plaintiff. Plaintiff has not filed any further documentation nor has he filed a notice of change of address.

Defendant Larson filed a motion for summary judgment on June 15, 2015 with a response deadline of July 20, 2015 (Doc. 32). Plaintiff neither filed a response nor sought additional time to respond. The Court entered a trial practice schedule on September 11, 2015 (Doc. 38) but the remaining parties in this case indicate that they have received no discovery from Plaintiff nor has Plaintiff sent out discovery requests. In light of Plaintiff's failure to respond to the pending dispositive motion, which was subsequently granted by the Court, the undersigned set this matter for a status conference to see if Plaintiff wished to continue prosecuting his case as he had not participated in the case since March 30, 2015 (Doc. 44). The Court sent notice of the conference to Plaintiff's last known address and warned Plaintiff that his failure to appear by phone or in person would result in a dismissal of his case for lack of prosecution. The Court held the hearing on December 16, 2015 but Plaintiff failed to appear. At that time, the remaining Defendants moved for a dismissal of Plaintiff's case for lack of prosecution.

The Court finds that dismissal of Plaintiff's claims is warranted. Plaintiff has not participated in this case since he filed his notice of consent. He has not participated in discovery nor did he

respond to Defendant Larson's motion for summary judgment.   He was given notice of the recent status conference and warned that his failure to appear would result in a dismissal of his case.   The notice was not returned so the Court presumes that Plaintiff received the notice.   Plaintiff did not appear.   The Court presumes by Plaintiff's absence and complete lack of participation in this case that Plaintiff is no longer interested in pursuing his claims.   As such, the Court **GRANTS** the oral motion to dismiss and **DISMISSES with prejudice** Plaintiff's remaining claims for failure to prosecute. The Clerk is **ORDERED** to enter judgment accordingly.

>   **IT IS SO ORDERED**.
>   DATED: January 4, 2016.

>                                                   */s/ Stephen C. Williams*
>                                                   STEPHEN C. WILLIAMS
>                                                   United States Magistrate Judge